IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ACCIDENT INSURANCE COMPANY,          *

    Plaintiff,                       *

vs.                                  *          CASE NO. 4:15-CV-36-CDL

DONALD BOWLES, INC., *et al.*        *

    Defendants.                      *

_____

O R D E R

    In this declaratory judgment action, Plaintiff Accident Insurance Company sues Defendants Donald Bowles, Inc., Donald Bowles, All Terrain Grading and Septic, LLC, and Kristy Clinkscales claiming that it has no insurance coverage for claims related to a construction project.[1]  On July 31, 2015, the Court granted a motion for default judgment against All Terrain. Presently pending before the Court is Accident Insurance's unopposed motion for summary judgment against the remaining Defendants.  For the following reasons, the Court grants Accident Insurance's motion for summary judgment (ECF No. 25).

STANDARD

    Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] Donald Bowles is the owner and chief operating officer of Donald Bowles, Inc.  This Order will refer to Donald Bowles and Donald Bowles, Inc. collectively as "Bowles."

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

I.  **Local Rule 56**

With its motion for summary judgment, Accident Insurance filed a statement of undisputed material facts supported by record citations as required by Local Rule 56. M.D. Ga. Civ. R. 56. "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id*. Defendants fail to controvert Accident Insurance's statement of undisputed material facts. The Court has reviewed the statement and citations and "determine[d] . . . [that] there is, indeed, no genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting *United*

2

*States v. One Piece of Real Prop. Located at 5800 Sw. 74th Ave.
Miami,* 363 F.3d 1099, 1103 n.6 (11th Cir. 2004)).  Thus, the
Court considers the following facts admitted.

## II.  The Underlying Dispute

In summer 2011, Bowles contracted with All Terrain to clear
and grade a piece of property in Columbus, Georgia.  Pursuant to
the contract, All Terrain relocated a sewer pipe that ran
underneath the property, backfilled the hole, and compacted the
soil for construction of a home.  Bowles certified All Terrain's
project as complete in December 2011 and built a home on the
property.  In January 2012, Bowles sold the home to Clinkscales.
At that time, there were no visible problems with the home and
Clinkscales did not know about the sewer pipe relocation.

A few months later, Clinkscales noticed cracks in the
driveway and settling in the yard.  In April 2012 she contacted
Bowles to ask about the cracks.  Bowles told her that it was
normal settling.  Bowles did not mention the sewer pipe
relocation to Clinkscales, but he did ask All Terrain to make
some repairs to the site.  While making the repairs, All Terrain
told Clinkscales about the relocation of the sewer pipe.

In July and August 2012, Clinkscales noticed more cracks in
the driveway, sloping of the floors inside her home, and cracks
in the foundation and ceiling.  Clinkscales contacted Bowles
again, and he repeated that the problems arose from normal

3

settling.   Clinkscales claims that the damage worsens every month.   In her opinion, the home is sinking into the hole where the sewer pipe previously ran because All Terrain used poor quality soil to fill the hole and did not compact the soil properly.

On January 17, 2014, Clinkscales sued Donald Bowles, Inc., Donald Bowles, and All Terrain in Muscogee County Superior Court claiming: (1) negligent construction; (2) fraud; (3) negligent misrepresentation; (4) bad faith; and (5) breach of warranty. Clinkscales seeks actual damages, punitive damages, and general damages for physical and emotional injury.

## III. The Insurance Policy

In summer and fall 2011 when All Terrain relocated the sewer pipe and graded the property, Bowles maintained a Commercial General Liability Policy ("the Policy") with Accident Insurance.   The Policy was effective from December 7, 2010 to December 7, 2011.[2]   Compl. Ex. B, Insurance Policy 3, 5, ECF No. 1-3 ("Insurance Policy").[3]   Under the Policy, Accident Insurance must defend Bowles and/or pay damages for "bodily injury" or

---

[2] In its brief in support of summary judgment, Accident Insurance states that the policy period ended on December 11, 2011.  Pl.'s Br. in Supp. of Summ. J. 1, ECF No. 25-1.  But according to the Policy declarations, the Policy term ended on December 7, 2011.  Compl. Ex. B, Insurance Policy 3, 5, ECF No. 1-3. Whether the Policy expired on December 7 or December 11 does not change the outcome of this motion.

[3] Plaintiff's exhibit B contains several documents including the main Policy contract, attached endorsements, and a binder.  This Order will cite these documents collectively as the "Insurance Policy."

"property damage" caused by an "occurrence" during the policy period.   Insurance Policy §§ I.1.a & I.1.b.   To claim coverage, Bowles must notify Accident Insurance of an "'occurrence' or an offense which may result in a claim" or a "'suit' . . . as soon as practicable."   *Id.* §§ IV.2.a & IV.2.b.

There are several endorsements attached to the main policy contract, including one titled "sunset provision" that reads:

> This policy will not provide any coverage, regardless of the other terms and conditions of the policy, including the definition of 'occurrence' for any claim or 'suit' made against an insured unless the claim or 'suit' is reported in writing to us within two (2) years after expiration of the policy period.

*Id.* at 35.   Accident Insurance labels the type of coverage provided to Bowles "Occurrence w/ 2 year Sunset."   *Id.* at 65.

**IV.  Bowles's Report to Accident Insurance**

Bowles did not notify Accident Insurance of Clinkscales's complaints in April or August 2012.   After Clinkscales filed suit on January 17, 2014, Bowles told Accident Insurance about her claims.   Accident Insurance filed this declaratory judgment action to determine its obligations under the Policy.

DISCUSSION

**I.   Applicable Law**

When subject matter jurisdiction is based on diversity, the Court must apply the forum state's choice-of-law rules to determine which law governs the action.   *Bituminous Cas. Corp. v. Advanced Adhesive Tech., Inc.*, 73 F.3d 335, 337 (11th Cir.

1996).  "Under Georgia choice-of-law rules, interpretation of insurance contracts is governed by the law of the place . . . where the contract is delivered."  *Id.* (quoting *Am. Family Life Assurance Co. v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989)).  Here, the Policy was delivered to Bowles in Georgia.  The Court therefore applies Georgia law.

Georgia courts use the ordinary rules of contract construction to interpret insurance policies.  *U.S. Fid. & Guar. Co. v. Park 'N Go of Ga., Inc.*, 66 F.3d 273, 276 (11th Cir. 1995) (per curiam).  "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application made a part of the policy."  O.C.G.A. § 33-24-16.  "Where the terms and conditions of an insurance contract are clear and unambiguous, such terms must be given their literal meaning."  *Ga. Farm Bureau Mut. Ins. Co. v. Meyers*, 249 Ga. App. 322, 324, 548 S.E.2d 67, 69 (2001).  Where, however, a term is susceptible to two or more constructions, "such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured."  *Id.*  The "construction of a[n] [insurance] contract is [often] a question of law for the court."  *U.S. Fid. & Guar. Co.*, 66 F.3d at 276.

II.  **Summary Judgment**

Defendants did not respond to Accident Insurance's motion for summary judgment. Yet "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, [the Court] must consider the merits of the motion." *Reese*, 527 F.3d at 1269 (quoting *One Piece of Real Prop. Located at 5800 Sw. 74th Ave. Miami*, 363 F.3d at 1101). To show that it is entitled to summary judgment, Accident Insurance must establish that the unambiguous terms of the Policy do not cover the underlying dispute.

A.  Sunset Provision

Accident Insurance argues that the sunset provision endorsement unambiguously bars coverage of the underlying dispute. For the following reasons, the Court agrees.

1.  *The Sunset Provision Is Unambiguous*

The sunset provision endorsement is unambiguous. It states that the "policy will not provide any coverage . . . for any claim or 'suit' . . . unless the claim or 'suit' is reported in writing to [Accident Insurance] within two (2) years after expiration of the policy period." Insurance Policy 35. This language has only one reasonable meaning—to receive coverage, the insured must report a claim in writing to Accident Insurance within two years of the Policy's expiration. Thus, the sunset provision endorsement creates an unambiguous condition precedent

7

to coverage.  *King-Morrow v. Am. Family Ins. Co.*, 334 Ga. App. 802, 803-04, 780 S.E.2d 451, 453 (2015) (concluding that similar "unless" language created an unambiguous condition precedent to coverage although the condition did not apply to the plaintiff in the case).

Additionally, the sunset provision endorsement is clear that it "modifies [the] insurance provided" in the main contract and applies "regardless of the other terms and conditions of the policy." Insurance Policy 35.  In fact, the terms of the sunset provision follow a header that reads, "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ CAREFULLY." *Id.*  Thus, there is no ambiguity in the sunset provision's terms or the fact that it modifies the main Policy contract.  Accordingly, "its plain terms must be given full effect even [if] they are beneficial to the insurer and detrimental to the insured." *Serrmi Prods., Inc. v. Ins. Co. of Pa.*, 201 Ga. App. 414, 415, 411 S.E.2d 305, 306-07 (1991) (quoting *Woodmen of the World Life Ins. Soc'y v. Ethridge*, 223 Ga. 231, 235, 154 S.E.2d 369, 372 (1967)) (holding that the unambiguous terms of a claims-made policy barred the insured's claim).

> 2.   *The Plain Terms of the Sunset Provision Bar Coverage of the Underlying Action*

Here, the plain terms of the sunset provision are indeed detrimental to Bowles.  Bowles's policy period expired

December 7, 2011.  Under the sunset provision, he had two years from this date—until December 7, 2013—to report claims in writing to Accident Insurance.  It is undisputed that Bowles did not notify Accident Insurance of Clinkscales's complaints or suit until at least January 17, 2014, about a month and ten days after the deadline for reporting claims.  Thus, no coverage exists for the claims asserted in Clinkscales's state court action.

Georgia law suggests that it would not matter that Bowles did not know about Clinkscales's suit until after the two year reporting period expired.  In analogous circumstances, Georgia courts strictly enforce the terms of similar reporting periods in claims-made policies:

> If a court were . . . to allow an extension of reporting time after the end of the policy period [and any extended reporting period], such is tantamount to an *extension of coverage* to the insured gratis, something for which the insurer has not bargained. This extension of coverage, by the court, so very different from the mere condition of the policy, in effect rewrites the contract between the two parties.

*Serrmi Prods., Inc.,* 201 Ga. App. at 415, 411 S.E.2d at 307 (second and third alterations in original) (quoting *Gulf Ins. Co. v. Dolan, Fertig & Curtis*, 433 So. 2d 512, 515-16 (Fla. 1983)).  Although claims-made policies are distinguishable from occurrence policies like Bowles's policy, the Court can conceive of no reason why Georgia courts would enforce the unambiguous

terms of an "occurrence w/ 2 year sunset" policy differently than a claims-made policy under the circumstances presented here.[4]  Even if the Georgia courts did impose some notice requirement for an occurrence sunset provision, the undisputed evidence in the present action establishes that Bowles knew that Clinkscales had problems with her home as early as April and August 2012—well within the two year reporting period.  The Court simply cannot rewrite the Policy to expand Bowles's coverage beyond the terms agreed to by the parties.

B.   Accident Insurance's Exclusion Arguments

Accident Insurance also relies on several exclusion endorsements to support its motion for summary judgment or, alternatively, partial summary judgment.  The Court finds that no coverage exists due to the sunset provision.  Thus, the Court need not address Accidental Insurance's alternative arguments.

CONCLUSION

Based on the Policy's unambiguous terms, Accident Insurance has no duty to defend or indemnify Bowles for any claims asserted by Clinkscales in the underlying state court action.  Accordingly, the Court grants Accident Insurance's motion for summary judgment (ECF No. 25).  A declaratory judgment shall be

---

[4] A claims-made policy usually covers only claims that are made and reported to the insurer during the policy period. *Serrmi Prods., Inc.*, 201 Ga. App. at 414, 411 S.E.2d at 306.  A true occurrence policy covers claims based on occurrences during the policy period even when the claims are reported to the insurer long after the policy expires. *Id.*

issued that provides that Accident Insurance has no coverage for any claims asserted by Clinkscales in the underlying state court action.

IT IS SO ORDERED, this 1st day of March, 2016.

S/Clay D. Land

CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA